FILED
AUG - 7 2007
AUG. 7, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY PORTER, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EVANSTON NORTHWESTERN HEALTHCARE CORPORATION,<br><br>Defendant. | 07CV4446<br>JUDGE LEFKOW<br>MAG. JUDGE DENLOW<br><br>CLASS ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jeffrey Porter, individually and on behalf of a Class of all those similarly situated, brings this action for damages and injunctive relief under the antitrust laws of the United States against defendant Evanston Northwestern Healthcare Corporation, demanding a trial by jury, and complaining and alleging as follows:

## NATURE OF THE CASE

1. This lawsuit is brought as a class action on behalf of all individuals and entities who purchased healthcare services directly from defendant Evanston Northwestern Healthcare Corporation, its wholly-owned hospitals, predecessors or controlled subsidiaries and affiliates from at least as early as January 1, 2000 to the present (the "Class Period"). Plaintiff alleges that during the Class Period Evanston Northwestern Healthcare Corporation engaged in illegal monopolization of the market for healthcare services in the geographic triangle formed by Evanston Northwestern Healthcare Corporation's three wholly-owned hospitals, Evanston Hospital, Glenbrook Hospital and Highland Park Hospital. Because of Evanston Northwestern Healthcare Corporation's unlawful conduct, Plaintiff and other Class members paid artificially inflated prices for healthcare services and, as a result, have suffered antitrust injury to their business or property.

7350

## JURISDICTION AND VENUE

2. This action is instituted under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to recover treble damages and costs of suit, including reasonable attorneys' fees, against defendants for the injuries sustained by Plaintiff and the members of the Class by reason of the violations, as hereinafter alleged, of Section 2 of the Sherman Act, 15 U.S.C. § 2.

3. This action is also instituted to secure injunctive relief against defendants to prevent them from further violations of Section 2 of the Sherman Act, as hereinafter alleged.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 and by Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

5. Venue is found in this district pursuant to Sections 4, 12 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 22 and 26 and 28 U.S.C. § 1391(b), (c) and (d).

6. Venue and personal jurisdiction is proper in this judicial district because during the Class Period defendant Evanston Northwestern Healthcare Corporation resided, transacted business, was found, or had agents in this district, and because a substantial part of the events giving rise to Plaintiff's claims occurred, and a substantial portion of the affected interstate trade and commerce described below has been carried out, in this district.

## DEFINITIONS

7. As used herein, the term:

   a. "Healthcare services" refers to both inpatient and outpatient services, including, but not limted to, obstetrical and pediatric services, psychiatric care, neurosurgery, radiation therapy, cardiology services, orthopedics, trauma centers, diagnostic centers, cancer treatments, internal medicine and general surgerical services.

   b. "Person" means any individual, partnership, corporation, association or other business or legal entity; and

      c.     "Class Period" refers to the period from at least January 1, 2000 to the present.

## PARTIES

8.     Plaintiff, Jeffrey Porter is a resident of Evanston Illinois. During the Class Period, Plaintiff purchased healthcare services directly from one or more of the hospitals owned by defendant Evanston Northwestern Healthcare Corporation. As a result of Evanston Northwestern Healthcare Corporation's unlawful monopolization, Plaintiff paid artificially inflated prices for healthcare services and was therefore injured in its business and property by reason of the antitrust violations alleged herein.

9.     Defendant Evanston Northwestern Healthcare Corporation ("Evanston Northwestern") is an Illinois corporation. Evanston Northwestern provides healthcare services to the public through its wholly-owned hospitals, Evanston Hospital, Glenbrook Hospital and Highland Park Hospital. Evanston Hospital is a 400-bed facility located in Evanston, Illinois. Glenbrook Hospital is a 125-bed facility located in Glenview, Illinois. Highland Park Hospital is located in Highland Park, Illinois and has approximately 150-200 beds. Evanston Northwestern acquired Highland Park Hospital in 2000 in connection with Evanston Northwestern's merger with Lakeland Health Services, Inc. ("Lakeland Health"). Until 2000, Highland Park Hospital was a wholly-owned subsidiary of Lakeland Health.

## GOVERNMENT PROCEEDINGS

10.    On February 10, 2004, the Federal Trade Commission ("FTC" or "Commission") issued a complaint alleging, *inter alia*, that the 2000 merger of Evanston Northwestern with Lakeland Health, which resulted in Evanston Northwestern's acquisition of Highland Park Hospital, violated Section 7 of the Clayton Act, 15 U.S.C. § 18. Following an

7350                             3

eight-week trial, the Administrative Law Judge issued an Initial Decision on October 17, 2005, concluding that the merger violated Section 7 of the Clayton Act and ordering divestiture.

11. On August 6, 2007, the FTC affirmed the Administrative Law Judge's Initial Decision, with modifications, and ordered remedies to restore competition in the relevant market in lieu of divestiture. The FTC concluded that the evidence demonstrated "that the transaction enabled the merged firm to exercise market power and that the resulting anticompetitive effects were not offset by merger-specific efficiencies." The Commission found that the record showed "that senior officials at Evanston [Northwestern] and Highland Park [Hospital] anticipated that the merger would give them greater leverage to raise prices, that the merged firm did in fact raise its prices immediately and substantially after completion of the transaction...." The Commission also found that econometric analyses "strongly supported the conclusion that the merger gave the combined entity the ability to raise prices through the exercise of market power" and "established that there were substantial merger-coincident price increases and ruled out the most likely competitive benign explanations for substantial portions of those increases."

## CLASS ACTION ALLEGATIONS

12. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

13. Plaintiff brings this action on behalf of itself and as a class action under the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the following class:

> All persons (excluding governmental entities, defendants, co-conspirators, other providers of healthcare services, and the present and former parents, predecessors, subsidiaries and affiliates of the foregoing) who purchased healthcare services directly from Evanston Northwestern Healthcare Corporation, its wholly-owned hospitals, predecessors or controlled subsidiaries and affiliates from at least as early as January 1, 2000 to the present (the "Class Period").

7350

4

14. Plaintiff believes that there are hundreds of Class members as above described, the exact number and their identities being known by defendants.

15. The Class is so numerous and geographically dispersed that joinder of all members in impracticable.

16. There are questions of law and fact common to the Class, which questions relate to the existence of the antitrust violation alleged, and the type and common pattern of injury sustained as a result thereof, including but not limited to:

    a. Whether Evanston Northwestern has exercised monopoly power in the sale of healthcare services in the relevant geographic market.

    b. Whether the alleged conduct of Evanston Northwestern violates Section 2 of the Sherman Act;

    c. Whether the conduct of Evanston Northwestern, as alleged in this Complaint, caused injury to the business and property of Plaintiff and other members of the Class;

    d. The effect of Evanston Northwestern's exercise of monopoly power on the prices of healthcare services sold by Evanston Northwestern and its wholly-owned hospitals during the Class Period; and

    g. The appropriate measure of damages sustained by Plaintiff and other members of the Class.

17. Plaintiff is a member of the Class, Plaintiff's claims are typical of the claims of the Class members, and Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is a direct purchaser of healthcare services and its interests are coincident with and not antagonistic to those of the other members of the Class. In addition, Plaintiff is

represented by counsel who are competent and experienced in the prosecution of antitrust and class action litigation.

18. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for defendants.

19. Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

20. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class is readily definable and is one for which records should exist in the files of Evanston Northwestern and its wholly-owned hospitals. Prosecution as a class action will eliminate the possibility of repetitious litigation. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently and without duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many class members who otherwise could not afford to litigate an antitrust claim such as is asserted in this Complaint. This class action presents no difficulties of management that would preclude its maintenance as a class action.

## TRADE AND COMMERCE

22. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

23. The activities of defendants and their co-conspirators, as described in this Complaint, were within the flow of, and substantially affected, interstate commerce.

24. During the time period covered by this Complaint, Evanston Northwestern Healthcare, through its wholly-owned hospitals, sold healthcare services to persons residing in Illinois and other states within the United States.

25. Defendant Evanston Northwestern and its wholly-owned hospitals have used instrumentalities of interstate commerce to sell and market healthcare services.

26. Defendant Evanston Northwestern and its wholly-owned hospitals have sold substantial healthcare services in a continuous and uninterrupted flow of interstate commerce to Class members residing in states other than the state in which Evanston Northwestern and its wholly-owned hospitals are located. Payments for healthcare services by Class members also crossed state lines and are therefore part of interstate commerce.

## FACTUAL BACKGROUND

27. Prior to January 1, 2000, Evanston Northwestern operated two hospitals within the relevant geographic market, Evanston Hospital and Glenbrook Hospital. These hospitals competed in the relevant geographic market for healthcare services with Highland Park Hospital. On or about January 1, 2000, Evanston Northwestern merged with Lakeland Health Services, Inc., of which Highland Park Hospital was the sole subsidiary. As a result of the merger, Evanston Northwestern acquired its competition in the relevant market. As the record in the FTC proceeding revealed, senior officials at Evanston Northwestern and Highland Park Hospital anticipated that the merger would give them greater leverage to raise prices.

28. Almost immediately after Evanston Northwestern's acquisition of Highland Park Hospital, prices for healthcare services at the three wholly-owned hospitals were substantially increased. As the FTC determined, these price increases were directly the result of the merged

firm's anticompetitive exercise of market power, not benign competitive reasons. Prices at the three Evanston Northwestern owned hospitals continued at anticompetitive levels and remain so today.

## VIOLATION ALLEGED
## SHERMAN ACT SECTION 2
## UNLAWFUL MONOPOLIZATION

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. The relevant product market is the market for healthcare services, as defined herein. The relevant geographic market is the geographic triangle created by the three hospitals wholly-owned by Evanston Northwestern, i.e., Evanston Hospital, Glenbrook Hospital and Highland Park Hospital.

31. By virtue of its acquisition of Highland Park Hospital on or about January 1, 2000, Evanston Northwestern possesses monopoly power in the marketing of healthcare services in the relevant geographic market and has abused and continues to abuse that power to maintain and enhance its market dominance in the marketing and sale of healthcare services by unreasonably restraining trade, artificially and anti-competitively raising the price of healthcare services sold to Plaintiff and members of the Class.

32. Evanston Northwestern's conduct constitutes unlawful monopolization and the unlawful use of anti-competitive conduct in the relevant market in violation of Section 2 of the Sherman Act, and such violation and the effects thereof are continuing and will continue unless injunctive relief is granted.

33. As a direct and proximate result of Evanston Northwestern's continuing violation of Section 2 of the Sherman Act, Plaintiff and members of the Class have suffered injury and damages in an amount to be proven at trial.

34. Plaintiff, on behalf of itself and members of the Class, seek money damages from Evanston Northwestern for its violation of Section 2 of the Sherman Act as well as injunctive relief.

## EFFECTS

35. Evanston Northwestern's unlawful conduct has had the following affects, among others:

   a. prices charged by Evanston Northwestern and its wholly-owned hospitals to Plaintiff and the members of the Class for healthcare services were maintained at artificially high and non-competitive levels; and

   b. Plaintiff and members of the Class had to pay more for healthcare services than they would have paid in a competitive marketplace, unfettered by Evanston Northwestern's monopolization of the relevant market.

36. During and throughout the Class Period, Plaintiff and members of the Class directly purchased healthcare services from Evanston Northwestern and its wholly-owned hospitals.

37. Plaintiff and the other Class members paid more for the healthcare services that they purchased than they would have paid under conditions of free and open competition.

38. As a direct and proximate result of Evanston Northwestern's antitrust violation, Plaintiff and the members of the Class have been injured and financially damaged in their respective businesses and property, in amounts which are presently undetermined.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That the Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

B. That the Court adjudge that Evanston Northwestern has engaged in unlawful conduct in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

C. That judgment be entered for Plaintiff and members of the Class against Evanston Northwestern for three times the amount of damages sustained by Plaintiff and the Class as allowed by law, together with the costs of this action, including reasonable attorneys' fees.

D. That Evanston Northwestern, its wholly-owned hospitals, its affiliates, successors, transferees, assignees, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from, in any manner continuing or maintaining the unlawful exercise of monopoly power alleged herein and from adopting or following any practice, plan, program or device having a similar purpose or effect.

E. That Plaintiff and members of the Class have such other, further and different relief as the case may require and the Court may deem just and proper under the circumstances.

DATED: 8-7-07

Respectfully submitted,
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**

By: _____
Mary Jane Edelstein Fait
Adam J. Levitt
Theodore B. Bell
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Tel: (312) 984-0000
Fax: (312) 984-0001

7350

10