

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| In re Evanston Northwestern Healthcare Corporation Antitrust Litigation, ) ) ) ) ) ) | Master File No. 07-CV-4446<br><br>Consolidated with:<br>Case No. 07-CV-4523<br>Case No. 07-CV-5275 |
| ) | |
| This Document Relates To: ) ) | Judge Lefkow |
| All Actions ) ) | |

## STIPULATED PROTECTIVE ORDER
## GOVERNING CONFIDENTIAL INFORMATION

Plaintiffs and Defendant in this litigation proceeding (the "Proceeding") believe that there is good cause to enter into this stipulated protective order because documents containing confidential information will be produced. These documents may contain sensitive information including documents that may reflect confidential commercial information or personally identifiable protected health or medical information entitled to protection under Fed. R. Civ. P. 26. Thus, in order to expedite discovery and to permit discovery to proceed without the delay occasioned by possible disputes regarding claims of confidentiality, the parties wish to produce documents and things, subject to the terms of this blanket protective order as set forth below.

Pursuant to LR 26.2 the Court finds that the parties have made a general showing of good cause sufficient to believe that discovery will involve confidential or protected information sufficient to warrant the entry of a blanket protective order in this matter. By entering this Order, the Court does not make any finding of good cause as to the confidentiality of any specific document or category of documents.

1.      The provisions of this Stipulated Protective Order shall govern the use and handling of all documents (hardcopy, electronic format or otherwise), testimony, written responses to discovery and all other information in whatever form produced or given by any party or third party in this action which is designated under the terms of this Stipulated Protective Order.

2.      Each document furnished in this litigation by a party or third party or its representatives which contains or reveals any confidential business information or other confidential matter that is subject to a good faith claim of protection under Fed. R. Civ. P. 26(c), the disclosure of which would cause a clearly defined and serious injury, may be designated CONFIDENTIAL by stamping on each page of the document the legend "CONFIDENTIAL INFORMATION", "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY." If inadvertently produced without such legend, written notice shall be furnished as soon as possible to the receiving party that the information or document shall be CONFIDENTIAL under this Stipulated Protective Order and the disclosing party shall be obligated to promptly provide the receiving party with replacement copies containing the correct designation.    No document or information may be designated as CONFIDENTIAL, CONFIDENTIAL INFORMATION, or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY except by counsel for a party or third party upon a good faith determination that the marking is proper. For purposes of this Stipulated Protective Order, the term "document" shall be given its broadest possible construction to include all written, recorded or graphic matter whatsoever, and all copies (identical or non-identical) thereof contemplated by Federal Rule of Civil Procedure, Rules 26 and 34.    Documents and other discovery materials designated CONFIDENTIAL shall be subject to the provisions of this Order. The parties, as well as any

2

other person bound by this Order, are prohibited from quoting, disclosing, or otherwise using any document or discovery material designated as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY in any public pleading, filing, or other document that would violate the CONFIDENTIAL nature of the information.

3. The term CONFIDENTIAL INFORMATION shall include all information, documents and other materials revealed or disclosed through discovery in the above matter that are designated as "CONFIDENTIAL." CONFIDENTIAL INFORMATION shall include confidential commercial or personal information, the disclosure of which would likely cause a clearly defined and serious injury to the Producing Party or any third parties. The following is a non-exhaustive list of examples of information that might in certain circumstances qualify for treatment as CONFIDENTIAL INFORMATION: strategic plans (involving pricing, marketing, research and development, corporate alliances, or mergers and acquisitions) that have not been revealed to the public; trade secrets; customer-specific evaluations or data (e.g., contract terms and conditions, prices, volumes, or revenues); personnel files and evaluations; information subject to confidentiality or non-disclosure agreements; patient billing records; patient medical records or any other documents containing personally identifiable protected health information; proprietary financial data or projections; proprietary consumer, customer or market research or analyses applicable to current or future market conditions; payor contracts not currently in force; and documents discussing specific prices to be charged, strategic plans, physician performance, or utilization review. Discovery material will not be considered confidential if it is in the public domain.

4. A higher level of protection shall be provided for materials stamped RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY that contains current information

3

that is highly sensitive the disclosure of which would likely cause a clearly defined and serious injury to the Producing Party. The following is a non-exhaustive list of examples of information that might in certain circumstances qualify for treatment as RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY: marketing plans; pricing plans; business plans; operating plans; sales forecasts; financial information; the financial terms of contracts; pricing and cost data; price terms; analyses of pricing or competition information; trade secrets; limited proprietary personnel information; documents discussing physician performance; payor contracts currently in force; or payor contracts not currently in force, but the disclosure of which would nonetheless likely cause a clearly defined and serious injury to the Producing Party or any third parties; patient billing records; patient medical records or any other documents containing personally identifiable protected health information. It is the intention of the Parties that this particularly restrictive designation will not be used more than is reasonably necessary.

5.      CONFIDENTIAL and/or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information shall only be used for purposes of this Proceeding and for no other purpose whatsoever by the parties hereto except as otherwise permitted by this Stipulated Protective Order, by order of the Court or as otherwise required by law. CONFIDENTIAL documents or information may be disclosed only to the following persons:

   a. Counsel of record (excluding in-house counsel) for the parties in this action who are actively engaged in the conduct of this litigation and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this litigation;

   b. Experts or consultants (including their employees, associates and/or support staff) retained by a party in this Proceeding;

   c. The producing party or person, including its present and former employees, officers, and directors;

d.  Deponents, trial or hearing witnesses as provided below;

e.  Deposition court reporters and videographers as provided below;

f.  The Court and its personnel, including Special Masters, and jurors;

g.  Mediators;

h.  Named Plaintiffs in this Proceeding, provided, however that CONFIDENTIAL documents and information shall not be disclosed routinely to the named Plaintiffs in this Proceeding. Confidential Information may be disclosed to the named Plaintiffs only where the party's counsel in good faith determines that the disclosure is necessary to the effective prosecution or defense of the litigation;

i.  Officers and Directors of Defendant that are assisting in defending this litigation; provided, however that the disclosure of CONFIDENTIAL documents and information is limited to documents and information produced by Plaintiffs to this litigation and shall not include CONFIDENTIAL documents and information produced by Third Parties, unless otherwise agreed to by a Third Party. Further, CONFIDENTIAL documents and information shall not be disclosed routinely to the aforesaid Officers and Directors of the Defendant in this Proceeding. Confidential Information may be disclosed to Officers and Directors of the Defendant only where the party's counsel in good faith determines that the disclosure is necessary to the effective prosecution or defense of the litigation;

j.  Third Party litigation support contractors or vendors involved solely in one or more aspects of photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this action, organizing, filing, coding, converting, storing, retrieving data or designing programs for handling data connected with this Proceeding, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions;

k.  Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

l.  Any person who authored and/or was a recipient (as evidenced by a document or by testimony in discovery) or otherwise has or formerly had access outside of the litigation process of the particular CONFIDENTIAL INFORMATION sought to be disclosed to that person, or any deponent, trial, or hearing witnesses when the examining attorney has a good faith basis to believe the witness is the author and/or recipient or otherwise has or formerly had access

to the document outside of the litigation of the particular CONFIDENTIAL INFORMATION sought to be disclosed to that witness.

6.   RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information may be disclosed only to the following persons:

    a.  Counsel of record (excluding in-house counsel) for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this litigation;

    b.  Experts or consultants (including their employees, associates and/or support staff) retained by a party in this Proceeding insofar as the attorneys who obtain such RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY information or documents may deem it necessary for the preparation and trial of this case to consult with such experts;

    c.  The producing party or person, including its present or former employees, officers, and directors;

    d.  Deponents, trial, or hearing witnesses as provided below;

    e.  Deposition court reporters and videographers as provided below;

    f.  The Court and its personnel, including Special Masters, and jurors;

    g.  Mediators;

    h.  Third Party litigation support contractors or vendors involved solely in one or more aspects of photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this action, organizing, filing, coding, converting, storing, retrieving data or designing programs for handling data connected with this Proceeding, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions;

    i.  Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    j.  Any person who authored and/or was a recipient (as evidenced by a document or by testimony in discovery) or otherwise has or formerly had access outside of the litigation process of the particular RESTRICTED CONFIDENTIAL, ATTORNEYS EYES ONLY sought to be disclosed to that person, or any

Doc. 12718

deponent, trial, or hearing witness when the examining attorney has a good faith basis to believe the deponent, trial, or hearing witness is the author and/or recipient or otherwise has or formerly had access to the document outside of the litigation of the particular RESTRICTED CONFIDENTIAL, ATTORNEYS EYES ONLY sought to be disclosed to that deponent; and

7. CONFIDENTIAL and RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents and information shall not be disclosed to any person referred to in paragraphs 5 (b), (d), (g) and 6 (b), (d), (g) above unless and until such person has agreed in writing, by executing Exhibit "A" hereto, or orally on the record of a deposition or trial transcript, to be bound by the terms and conditions of this Stipulated Protective Order or unless such person and CONFIDENTIAL or RESTRICTED CONFIDENTIAL document(s) or information fall within the provisions of paragraphs 5 (l) and/or 6 (j). Counsel disclosing any CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information to the persons described in paragraphs 5 (b), (d), (g) and 6 (b), (d), (g) shall be responsible for retaining copies of documents evidencing any such agreements to be bound by the terms of this Stipulated Protective Order as applicable.

8. The requesting party and each person to whom CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information is disclosed shall exercise, in maintaining the confidentiality of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information, at least as high a degree of care and diligence as the requesting party would normally exercise with regard to proprietary information which it maintains as secret and confidential, which degree of care and diligence shall not be less than that which a reasonable person would exercise in maintaining the confidentiality of proprietary information of great value. The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective

7

Order, to control duplication of, access to, and distribution of copies of CONFIDENTIAL and RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information. Parties shall not duplicate any CONFIDENTIAL and RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information except working copies and for filing in court under seal or as otherwise determined by litigation counsel to be reasonable necessary to the effective and/or efficient prosecution or defense of this case.

9.    Depositions, Hearings, and Trials.    Any party in this Proceeding may utilize CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information in the course of a deposition, trial, or hearing provided that either the provisions of paragraphs 5(c), 5(l), 6(c), or 6(j) apply, or the deponent or witness has already executed Exhibit "A" hereto or the deponent or witness is furnished a copy of this Stipulated Protective Order before examination on any such CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information and provided that the deponent agrees on the record, under oath, to be bound by the terms of this Stipulated Protective Order or as otherwise authorized by the court. If the deponent or witness is unwilling to sign Exhibit "A" or agree under oath to abide by the Stipulated Protective Order, the deponent or witness will be asked all reasons as to why he or she will not agree on the record. Then counsel for the parties shall meet and confer and endeavor in good faith to determine how best to proceed in the manner most likely to prevent unauthorized disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information consistent with the legitimate ends of accomplishing the intended discovery, counsel shall state on the record the results of any agreement in the meet and confer and anything else counsel believes should be stated on the record.

Doc. 12718

10. Any party may designate the portion of a deposition transcript (including exhibits) that contains CONFIDENTIAL and RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information with a statement to such effect on the record in the course of the deposition, provided however, that any such statements(s) shall be made in a manner so as not to unreasonably interfere or impede the taking of the deposition. If no party designates the portion of the transcript and exhibits as containing CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information during the course of the deposition, counsel for a party shall be permitted in good faith to designate by page and line reference those portions of the transcript and exhibits containing CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information as confidential within thirty (30) days following receipt of the transcript of such deposition, provided that said party requested a copy of the transcript within ten (10) days of notification of its existence. Until such time lapses without any designation having been made, all parties shall treat the deposition transcript as CONFIDENTIAL under this Stipulated Protective Order. If a transcript or a portion of a transcript containing CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information is to be filed with the Court, motion for leave to file shall be sought under paragraph 12 hereof, and the transcript shall bear the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY" stamp as described above. Upon designation of a transcript as CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY, all portions of the transcript referring to said Confidential or Restricted Confidential, Attorney Eyes Only Information shall be given "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY" markings and shall be subject to the terms of this Stipulated Protective Order. The court

Doc. 12718

reporter shall separately transcribe testimony so designated and shall stamp or mark the face of the transcript accordingly. The transcript of the non-CONFIDENTIAL portion shall indicate that testimony disclosing CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information ensues and that such testimony is separately transcribed. Both the non-confidential and confidential transcripts shall use a single set of continuous page numbers so that the continuity of the deposition transcript pagination is maintained. If any given transcript contains so many repeated references to CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information that they cannot practicably be segregated from other material, then the entire transcript shall be marked "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY" and shall be protected under the terms of this Stipulated Protective Order. Any portion of a videotaped recording of a deposition discussing or disclosing CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information shall be viewed only by those persons authorized under this Stipulated Protective Order to have access to said material. The parties may agree to modify the above procedures relating to deposition transcripts upon the suggestion of a court reporter regarding alternative options for handling any particular transcript containing CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information.

11.     The parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order. Documents containing CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information shall NOT be filed with the Clerk of Court without prior order of the Court specifying the particular document or portion of a document that may be filed as restricted. Any

Doc. 12718

CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed or attempted to be filed in a sealed envelope accompanied by a request that the Court file and maintain the information under seal pursuant to LR 26.2. The sealed envelope shall bear the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the public file. Any party required to file a redacted copy of a pleading or document shall serve an unredacted copy on all parties of record on the date the filing is due but shall have up to an additional three business days as needed to prepare and file a redacted copy of the pleading or document with the Court clerk.

In filing such materials with the Court as set forth above, counsel shall, where practicable, file under seal only those specific portions of briefs, motions or other filings that contain CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information and for which the Court has granted leave to file under seal. A party's request pursuant to LR 26.2 that a document designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY be filed under seal shall not constitute a waiver of that party's right to challenge the propriety of that document's designation as CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY. Under no circumstances shall an entire pleading be filed under seal unless leave of court is granted.

12. No document treated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY under this protective order may be filed under seal with the court in

Doc. 12718

reference to a dispositive motion or submitted as evidence at trial under seal, unless the court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal. A party who is granted leave to file a document under seal, must file a redacted copy of the document for the public file. A copy of the redacted version must be submitted along with the motion for leave to file. Any party required to file a redacted copy of a pleading or document shall serve an unredacted copy on all parties of record on the date the filing is due but shall have up to an additional three business days as needed to prepare and file a redacted copy of the pleading or document with the Court clerk.

13. Nothing in this Stipulated Protective Order shall prevent any party from using or disclosing its own CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information. If a party discloses its own CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information in the course of this Proceeding with the intent to waive the protections afforded by this Stipulated Protective Order, then this Stipulated Protective Order shall not apply to that document or information and the producing party shall provide an unmarked copy of any such de-designated documents to all other parties. This provision does not apply to the inadvertent disclosure of a party's own CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information.

14. The receiving party of any inadvertent disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information without the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY" designation on them shall, upon written request by the designating party, treat such information as CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES

Doc. 12718

ONLY in accordance with this Stipulated Protective Order. Upon receipt of such written notice, the receiving party of such previously undesignated material shall make all reasonable efforts under the circumstances to: (1) retrieve all such material disclosed to persons other than those so authorized pursuant to this Stipulated Protective Order, provided that retrieval of the documents is not unduly burdensome or expensive, in which case the designating party must provide whatever assistance is reasonably required to alleviate any undue burden or expense in retrieving the documents; and (2) prevent further use or disclosure of the information contained in the previously undesignated material by or to persons other than those so authorized by this Stipulated Protective Order to do so. In the event of an inadvertent disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information without the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY" designation on them, the designating party will (1) act promptly to notify all parties of any such inadvertently disclosed documents upon the discovery of the inadvertent disclosure, (2) provide replacement copies with appropriate markings of confidentiality to all parties to whom it inadvertently disclosed undesignated confidential documents, and (3) to the extent any inadvertently undesignated material was filed with the court by any party it shall solely be the designating party's responsibility to retrieve or seal those documents by filing an appropriate motion with the court.

15. If a party through inadvertence produces or provides discovery material which it believes is subject to a claim of attorney-client, work product or other privilege or immunity, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client, work product or other privilege or immunity and request that the document or thing be returned to the producing party. The party giving such written

Doc. 12718

notice shall provide a privilege log and redacted versions of any partially privileged document to the receiving party within fifteen (15) days of providing written notice to the receiving party. Upon being furnished this notice, the Receiving Party shall return to the producing party such document or thing, unless it was part of an electronic production. In the case of electronic productions, such as those on CDs, DVDs, hard disk drives, or other similar media, the Receiving Party does not need to return the original media unless and until the Producing Party provides replacement media and the Receiving Party has had sufficient time to verify that the replacement media is fully functional or until the parties agree upon a method to permanently delete or remove the inadvertently produced document or thing from the CDs, DVDs, hard disk drives, or other similar media. The parties agree to meet and confer in good faith to determine the least burdensome method to return the inadvertently produced document or thing. However, to the extent the Receiving Party wishes to contest the privileged nature of the document(s), the Receiving Party may retain a copy of such document(s) solely for purposes of filing a motion with the Court within forty five (45) days of being required to return said document to determine the privileged status of the document(s). The passage of this forty five (45) day period shall not be interpreted as a waiver of any right to challenge the privilege status of the document or information at a later time. Return of the document or thing by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client, work product or other privilege or immunity nor shall it foreclose the party from moving the Court for an order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14

16.     Any interested person or member of the general public may challenge a designation that a document is CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY by filing and serving on all counsel for the parties to this litigation a written motion which states, among other things: (1) the person's interest in the document; (2) the reason(s) which form the basis of the challenge; and (3) the purpose to which the document will be used in or outside the scope of the litigation and the purpose for such use.

17.     If any party to the Proceeding believes in good faith that designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information should not be subject to this Stipulated Protective Order or have otherwise been improperly designated said party may provide written notification to the other party or third party. The notice shall clearly specify the designated information or categories of designated information and the reason(s) for the belief that the designated information has not been properly designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information or that the designated information or documents are not otherwise entitled to protection under the applicable law. The parties shall thereafter meet and confer in order to attempt to resolve the issue. If the parties are unable to resolve any dispute of the designations, the party challenging the designations shall endeavor to file a motion requesting the Court to make a finding as to whether the disputed documents or categories of disputed documents have been properly designated as either CONFIDENTIAL or RESTRICTED CONFIDENCTIAL, ATTORNEY EYES ONLY within 30 days of the conclusion of the parties' meet and confer discussions, however the passage of this thirty day period shall not be interpreted as a waiver of any right to challenge the privilege status of the document or information at a later time. The burden of establishing good cause shall always be on the

15                                                      Doc. 12718

designating party. If such a motion is brought, the designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents and information shall remain subject to this Stipulated Protective Order until the Court makes its determination. In its discretion, the Court may examine the disputed documents *in camera* or may close hearings about the disputed documents to the public. However, this provision does not authorize any *ex parte* hearings on such motions.

18. This Stipulated Protective Order shall survive the termination of this Proceeding, and shall continue in full force and effect thereafter. Documents containing CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information shall be destroyed or returned to the Producing Party upon request of the Producing Party within one hundred twenty (120) days after a court order finally terminating this Proceeding or any appeal therefrom. Upon request, the Receiving Party shall provide the Producing Party with a declaration certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph have been returned or destroyed. Notwithstanding this provision, counsel for the person or party who received documents in the litigation are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information. Any such archival copies that contain or constitute CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information remain subject to this Stipulated Protective Order.

19. If a subpoena or other legal process seeking the production of CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information

16

(collectively, "Process") is served on any person bound by this Stipulated Protective Order, then the recipient of said Process shall promptly provide written notice thereof to the designating party and all parties in this Proceeding, sufficiently prior to the deadline for compliance with the Process to provide such party adequate time to seek judicial relief. Whoever asserts the confidentiality of the information in question shall have the burden of defending against said Process. Except in the case of an order requiring immediate production of the requested information, neither party shall disclose the other party's or third parties' CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information without first giving the other party or third parties an opportunity to seek from this Court an order governing disclosure of the requested information; however, nothing in this Stipulated Protective Order shall restrict the party receiving the Process from complying with it, except to the extent that the Process is modified judicially or otherwise.

20. The remedies provided by this Stipulated Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court for any document or information deemed to be confidential. The producing party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information, or any other breach of this Stipulated Protective Order, by either the requesting party or any person to whom the requesting party has disclosed any CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information.

21. The entry of this Stipulated Protective Order shall not be construed as a waiver of any claim of privilege or any other objection which may be asserted during the course of this litigation (including any appeal), or to require production of any document deemed to be

Doc. 12718

confidential. Entering into, agreeing to, or otherwise complying with the terms of this Stipulated Protective Order, including producing or receiving CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY Information: (a) shall not prejudice in any way the rights of a party to object to any discovery request seeking production of information it considers not subject to discovery; (b) shall not prejudice in any way the rights of a party to seek a determination by this Court that any requested discovery be made; (c) shall not be an admission by any party of any fact, issue or contention in this or any other proceeding; (d) shall not be construed to affect the admissibility of any document, material or information at any trial or hearing.

22. Any request for confidentiality, closure or sealing of any summary judgment pleadings, briefs, exhibits or related documents or any hearing or trial must be made to the judge then presiding.

23. Any information or document that is produced in this action and that was previously produced by Defendants, the FTC, or any Third Party in the Federal Trade Commission litigation captioned as *In the matter of Evanston Northwestern Healthcare Corporation and ENH Medical Group*, FTC Docket No. 9315 or pursuant to any related FTC investigation into ENH's merger and/or acquisition of Highland Park Hospital and designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY under the terms of a protective order in the FTC case or investigation shall be given the same protection as any document designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY in this action.. Accordingly, all documents designated in the FTC matter as CONFIDENTIAL and produced in this action shall be deemed and treated as CONFIDENTIAL, as defined herein, in this action. All documents designated in the FTC matter

Doc. 12718

as RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY and produced in this action shall be deemed and treated as RESTRICTED CONFIDENTIAL, ATTORNEYS EYES ONLY, as defined herein, in this action.

24.     In the event that any part of this Stipulated Protective Order, as proposed to the Court for entry, is not entered in full and without any modification that would render any of the procedures set forth herein unable to be implemented, then the parties agree that all other procedures provided herein that are not so modified or stricken will still be binding upon all signatories to this Stipulated Protective Order.  In such event, the parties further agree to make all reasonable efforts to protect against the unauthorized disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents or information consistent with the version of this Stipulated Protective Order that was presented to the Court for entry and that they will enter into good faith negotiations to create a new proposed stipulated order that will satisfy the Court.

25.     This Stipulated Protective Order shall apply to all parties and counsel that presently are part of, or may be made part of, this Proceeding, and their representative successors, heirs or assigns and any third party that produces or receives CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY documents and information

26.     Nothing in this Stipulated Protective Order shall prevent any party or other person from seeking modification of or relief from this order or from objecting to discovery that it believes to be otherwise proper. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order. This Order does not preclude the parties to this Order from entering

into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review and approval.

27.　　Compliance with this Stipulated Protective Order shall not be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any trade secret or confidential information of any other party or witness. No party to these actions shall be obligated to challenge the propriety of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY designation by any other party or witness, and failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations

28.　　Only court personnel, outside counsel working on behalf of any named Plaintiff or Defendant in this action and anyone else granted access by order of the Court shall be allowed to have access to documents filed under seal in the action. Any party that filed sealed materials with the court shall have 90 days after the entry of a final order terminating this litigation (or the expiration of the period for timely filing an appeal) to request the return of any documents filed under seal by such party and the clerk shall arrange for the return of any such sealed documents. To the extent any documents filed under seal are not subject to a request for their return by the filing party, the Court Clerk may dispose of any such documents on or after the 120th day after the entry of a final order terminating this litigation (or the expiration of the period for timely filing an appeal). It shall be the responsibility of any party filing an appeal to inform the court clerk.

29.　　This Order shall not be construed so as to limit or prohibit the disclosure of the existence and/or general subject matter of any document designated as, CONFIDENTIAL or RESTRICTED CONFIDENTIAL, ATTORNEY EYES ONLY, as long as such disclosure does

not reveal any confidential information for which a good faith claim of protection pursuant to Rule 26 can be or has been made.

SO ORDERED this _12th_ day of June 2008:

Honorable Judge Lefkow
United States District Judge

Doc. 12718

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re Evanston Northwestern Healthcare | ) ) ) ) ) ) | **Master File No. 07-CV-4446** |
| | | **Consolidated with:** |
| | | **Case No. 07-CV-4523** |
| | | **Case No. 07-CV-5275** |
| | ) ) | **Judge Lefkow** |
| This Document Relates To: | ) ) | |
| All Actions. | ) ) | |

By signing this document, I hereby certify that I have read the Protective Order entered in connection with the case of *In re Evanston Northwestern Healthcare*, Civil Action No. 07 CV 4446, that I understand the provisions prohibiting the disclosure or use of Confidential Information for any purpose or in any manner not connected with the prosecution or defense in this case, and that I agree to be bound by all provisions of the aforesaid Protective Order. I also understand that any violation of the Protective Order by me or anyone acting under my direction may subject me to penalties for contempt of court. I hereby consent to the Court's personal jurisdiction over me.

Date: _____

_____
SIGNATURE

_____
NAME (PRINTED)