UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re Evanston Northwestern Healthcare Corporation Antitrust Litigation | Master File No. 07-CV-4446 |
| This Document Relates To: | Judge Edmond Chang |
| All Actions. | |

### JOINT STATUS REPORT

Pursuant to this Court's request during the December 16, 2013 status hearing, the parties hereby file this Joint Status Report concerning the parties' discussions on class notice. The parties will be prepared to address these and other class notice issues at the January 17, 2014 status hearing and can brief the issues further if requested by the Court.

1. The parties have exchanged drafts of both the short- and long-form class notices and met and conferred on January 10, 2014 to discuss the proposed drafts.

2. Although discussions are ongoing, the parties have identified several areas of disagreement, including:

   a. Arbitration

*Plaintiffs' Position*: Rule 23(b)(3) of the Federal Rules of Civil Procedure requires that putative class members receive notice and a right to opt out of the class. The Advisory Committee included these requirements to address its concerns about fairness and due process. Plaintiffs believe that this Court's Memorandum Opinion and Order dated December 10, 2013, at pages 12-13, provides that notice should be given to the Class in order for them to decide if they wish to opt out or remain in the Class *before* addressing whether any class member elects to or may be compelled to arbitrate under the specific provisions of that class member's contract with

Defendant. Thus, based on Rule 23's principles of judicial economy and providing clear and concise information to the Class,(see Rule 23(c)(2)(B))Plaintiffs do not believe that the class notice should require class members to decide if they wish to arbitrate now. The Notice only requires a *description* of the "class claims, issues or defenses". Whether any class member may elect or be required to arbitrate is a matter of law to be determined by the Court once a member of the Class decides whether to remain in the Class. If the class member decides to opt out, then it can elect to pursue its claim by separate lawsuit, arbitration or simply decline to take any action with regard to its claim.

> Plaintiffs suggest the following as an insert in the notice:
>
>> Potential Limitation. If you directly purchased in-patient or out-patient hospital based services from defendant, your rights may be subject to the contractual relationship between you and defendant if there is an enforceable agreement to arbitrate the claims at issue in this litigation. Pursuant to Court order (Memorandum Opinion and Order dated December 10, 2013,), any such issue will be decided *following* expiration of the opt-out period described below. Class Counsel described in Section___ will respond on behalf of Class Members (those who have not opted out) to any such motion defendant files in this regard. You will be informed of any Court ruling on any such motion, if made.

***Defendant's Position***: The class notice must include information about the existence of arbitration clauses and provide class members with notice of the issues and defenses related to these reimbursement contract provisions as outlined within this Court's December 10, 2013 Class Certification Order. Dkt. No. 587 at 12 ("So the sensible course, as the previously assigned judge concluded, is to decide whether to certify the class without considering the possibility of arbitration, bring the MCOs into the case, see what their position is on arbitration, and then decide who must arbitrate."). Pursuant to Rule 23(c)(2)(B), the notice <u>must</u> describe the "class claims, *issues*, or *defenses*." Fed. R. Civ. P. 23(c)(2)(B) (emphasis added). Each class member's right or requirement to arbitrate, as well as his, her or its potential inability to remain a class member in this case is an "issue," as well as a "defense" specifically raised by the Defendant. Rule 23 class notice is required to adequately apprise all class members of their rights, options, risks and obligations – including the risk that their specific membership in the class may be challenged by the Defendant and that they may be required to respond to such a challenge in court. NorthShore has included appropriate proposed language within the draft short- and long-form notices provided to Plaintiffs. NorthShore submits that the inclusion of such information is necessary and proper in light of this Court's Order, Rule 23(c)(2)(B), and similar cases in which class notice approved by the district court included language properly apprising class members of arbitration issues. *See, e.g.*, *In re Titanium Dioxide Antitrust Litigation*, Case No. RDB-10-0318, Dkt. No. 386-1 (D. Md. Feb. 6, 2013).

      b. <u>Phased Notice</u>

***Plaintiffs' Position***: Under Rule 23, Due Process requires that notice be provided to all class members at the same time, in the same way, and as expeditiously as possible. A single notice disseminated at the same time to all members of the Class does not favor one group over

another-the essence of class actions-that all members of the class are treated the same. Moreover, as previously briefed, whether this Court ultimately decides that a managed care organization ("MCO") is subject to arbitration is to be made *after* an election to remain in the Class or opt-out of it. See *TFT-LCD (Flat Panel) Antitrust Litig.*, 07-1827, 2011 WL 1753784 (N.D. Cal. May 9, 2011); *In re Titanium Dioxide Antitrust Litigation*, *supra*. Even in that case, the issue of arbitration was decided after the election to opt out and the time to do so had expired. Therefore, a simultaneous dissemination of the Notice to all members of the Class is warranted. Until that election is made by a member of the Class, the concept of a phased notice would improperly inject this Court into the decision-making process of the member of the Class and will create confusion and is unnecessarily costly to the Class.

During the exchange of draft notices, Defendant asked that the MCO determine whether they think they have a binding arbitration clause, and if so, send a written notice directly to the court, *simultaneously with deciding whether to opt out or stay in the class and waive their right to arbitration.* This puts an unfair and undue burden on class members and violates due process because it puts the cart before the horse-class and is contrary to the case law which only requires a member of the Class to make a decision about how it wants to proceed in connection with their rights relating to the Class action status. How the member of the Class wants to proceed after that decision is made and implemented in accordance with the requirements of the Notice is left for another day.

***Defendant's Position***: The class notice should be provided in multiple phases. In light of the Court's Order on Class Certification, NorthShore submits that the MCOs should receive class notice first so the parties and the Court can determine if such MCO class members remain in the class, elect to opt-out, or are either required to or choose to exercise their arbitration rights. If an

MCO opts out, or if this Court determines that arbitration is mandatory or that an MCO must be otherwise excluded from the class based on the MCO's contract with NorthShore, then further notice to that MCO's subscribers, who may also be class members, may not be necessary. Phased notice is the more efficient process simply because the claims of certain class members (e.g., class members who are subscribers of the MCOs) may be contingent on their respective MCO remaining in the class.

This "phased" notice process is the most reasonable, efficient and cost-effective approach. It is entirely consistent with the process defined by the Court in its certification opinion and represents the best and most efficient use of Court resources. It may eliminate the need and expense of notifying tens of thousands of subscribers related to those MCOs who opt out, choose arbitration over the class action, or whose contracts bar their participation. Moreover, the elective or mandatory exclusion of one or more MCOs from the class would likely result in massive confusion among previously noticed subscribers who would be eliminated from the class, and create an administrative "nightmare," including extensive direct communications with subscribers, the enormous task of sorting out subscribers of MCO class members from those who are not, and potentially requiring broad based re-notification. There is no reason to undertake this unnecessary and likely complication, risk and large expense, when there is a simple and efficient alternative of phased notice.

NorthShore has contact information for the relevant MCOs and has provided this information to Plaintiffs' counsel. If this Court authorizes a phased notice process, the parties agree that the form of the notice should be same for all phases.

    c.    <u>Publication Notice vs. Individualized Direct Notice</u>

***Plaintiffs' Position***: Plaintiffs have retained the services of a well-respected class action

administrator, which is working on a proposed Notice Program. The parties have exchanged forms of notice and continue to work on appropriate content. While the Notice Program is still in development because of the inability to receive full information from NorthShore, preliminary discussions show that a combination of online digital media notices as well as local, regional and national publication notices is appropriate. To the extent that there is available some identification of members of the class, such as MCOs, with their current addresses, direct mail to them might also be appropriate. That information is solely within the records of NorthShore. Under *Hughes v Kore,* 731 F.3d 672 (7th Cir. Sept 10, 2013) "Rule 23(c)(2)(B) of the civil rules requires (for a class action under Rule 23(b)(3)…only 'the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'… When reasonable effort would not suffice to identify the class members, notice by publication, imperfect though it is, may be substituted."

***Defendant's Position***: Based on current information and belief, direct notice to class members should be possible in this matter; however, some information necessary to identify class members is in the possession of the class—not NorthShore. Based on the class definition as proposed by Plaintiffs and certified by this Court, NorthShore does not maintain information sufficient to determine the identity of class members who: (1) are self-insured subscribers of the MCOs; (2) did not pay a fixed co-pay; (3) are providers of healthcare care services; (4) who paid directly to NorthShore; and (5) governmental entities. NorthShore believes that information sufficient to identify these categories of class members may be in the possession of the MCO class members and requests assistance from Plaintiffs and the Court to obtain such information so that direct notice may be provided to all class members. *E.g.*, *Hughes v. Merit Lincoln ParkLLC*, 2011 WL 6028535, at *2 (N.D. Ill. 2011) ("First-class mail will generally satisfy Rule

23(c)(2)'s requirement of 'the best notice practicable under the circumstances.'") (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 172) (1974)).

| | |
|---|---|
| Dated: January 16, 2014 | Respectfully submitted, |
| **MILLER LAW LLC** | **WINSTON & STRAWN LLP** |
| By:s/Marvin A. Miller<br>Marvin A. Miller<br>Matthew E. Van Tine<br>**MILLER LAW LLC**<br>115 S. LaSalle Street<br>Suite 2910<br>Chicago, IL 60603<br>Tel: (312) 332-3400<br>Fax: (312) 676-2676 | By:s/Duane M. Kelley<br>Duane M. Kelley<br>Thomas A. Reynolds III<br>David E. Dahlquist<br>35 West Wacker Drive<br>Chicago, Illinois 60601<br>Tel: (312) 558-5600<br>Fax: (312) 558-5700 |
| Mary Jane Fait<br>**LAW OFFICES OF MARY JANE FAIT**<br>115 S. LaSalle Street<br>Suite 2910<br>Chicago, IL 60603<br>Tel: (847) 922-6729 | *Counsel for Defendant* |
| *Interim Co-Lead Counsel for Plaintiffs* | |

## **CERTIFICATE OF SERVICE**

Marvin A. Miller, an attorney, certifies that he caused a copy of the foregoing document to be served by electronic means on all Electronic Filing Users of record, this 16th day of January 2014.

/s/ Marvin A. Miller