# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| In re Evanston Northwestern Healthcare Corporation Antitrust Litigation<br>-------------------------------------------------------<br>This Document Relates to:<br><br>    All Actions. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-C-4446<br><br><br><br><br><br>**Judge Edmond E. Chang** |

**JOINT STATUS REPORT RELATING TO CLASS NOTICE AND CASE SCHEDULING**

Pursuant to the January 29, 2015 Minute Order [Dkt. 636], the parties conferred regarding certain identified class notices that did not list as an addressee each and every potential class member residing at a household, and submit this Status Report.

**FIRST NOTICE AND STATUS OF REQUESTS FOR EXCLUSION**

On January 24, 2015, NorthShore advised Plaintiffs of its concern that the final class notice mailing list (sent to NorthShore by Plaintiffs on January 12) did not include all patient names that were originally provided by NorthShore and were therefore presumably not mailed notice. On January 28, 2015, Plaintiffs responded and explained the matching process to the address which accounted for the discrepancy. During the Status Hearing on January 29, 2015, NorthShore raised a concern with the Court that each individual class member may not have received individual notice because a notice mailed to each household may not have been addressed to each and every family member or resident of a household who may have received services from NorthShore. As a result of the methodology that Plaintiffs' class administrator employed, NorthShore suggested that each class member residing at a residence for which one person opted out should also "be deemed an opt out." Plaintiffs do not agree with NorthShore's

1

position and believe it is contrary to the Notice provisions in Fed.R. Civ.P. 23(c)(2)(B)(v) which provides: (v) that the court will exclude from the class any member who *requests* exclusion (emphasis added).

Some requests for exclusion received by the administrator demonstrate that the mailed notice to a member Class reached other residents at the same address. For example, some requests for exclusion included several members of a family even though the notice was mailed to only one resident at that address. Those requests are referred to in the accompanying Declaration of Eric J. Miller. As indicated therein, ¶¶ 15-16, that list is available for Court review. However, it is impossible to know whether the mailed notice reached every other resident at the same address who may be a class member because those other residents were *not* specifically identified as addressees on the notice. The parties' counsel have not discussed how to treat those requests which have not complied fully with the requirements to request exclusion set forth in the Notice but will do so promptly and advise the Court of their conclusions.

**SECOND NOTICE PROPOSAL**

To alleviate any concerns about the efficacy of the Notice Program, which required that only a single notice be sent to an address, the parties agreed and Plaintiffs' counsel requested the administrator to redo the merged databases submitted by Defendant and several MCOs, and include all names and name variations at the single address and prepare a second mailing *only* to those individuals who had not been mailed the earlier notice. Because of HIPPA concerns and because the data were provided, both by NorthShore and the MCOs, on a "highly confidential" basis, an example of the variations are: "Jane Thompson" and "Thompson, Jane" but both at the same address. The actual example of names and variations will be available to the Court for *in camera* review.

2

The procedure undertaken by the administrator to prepare for this second mailing is detailed in the accompanying Declaration of Eric J. Miller. Mr. Miller's declaration also provides the Court with the status of the notice administration.

A new version of the Notice will need to be printed to include a new date by which *only* those new addressees will have the right to request exclusion from the Class. In addition, it is recommended that the new Notice include language at the beginning which cautions against a class member who previously received notice from attempting to opt out within the new date when they received the First Notice and did not do so timely. The following language is suggested:

> **If you already received a Notice and exercised your right to request exclusion you should not take any further action. If you received a notice earlier and did not request exclusion then you cannot request exclusion at this time.**

A.B. Data has advised that it can track and match against the First Notice anyone included on that Notice and one who, at the same address, attempts to take advantage of the new notice date.

Plaintiffs' Counsel and NorthShore's counsel conferred on February 17, 2015, regarding the process to be undertaken and have agreed for the second mailing to be undertaken and that consistent with the first mailing, the new opt out date be 60 days after such mailing.

**DISCOVERY STATUS and ADJUSTMENT TO PRETRIAL SCHEDULE**

The Court has set a briefing schedule on the motion to compel Answers to Requests for Admissions previously served on NorthShore. Under the schedule, NorthShore filed its brief by February 26, 2015, and Plaintiffs are to file their Reply not later than March 5, 2015. Additional Requests for Production of Documents are still outstanding and Plaintiffs intend to serve further requests. NorthShore plans to serve subpoenas on absent class member MCOs.

As Plaintiffs advised the Court at the January 29, 2015 Status Hearing, that depositions previously noticed were continued in order to accommodate Plaintiffs' counsel's schedule and as of this status report, the parties are working together to schedule those depositions. In addition, and as the Court was also advised, Plaintiffs served several third-party subpoenas for the production of documents and depositions. Additionally, Plaintiffs will shortly be serving further notices of depositions. While Plaintiffs intend to proceed expeditiously to conclude all depositions, it is not likely that the parties' schedules and counsels' schedules will allow all discovery to be completed by April 15, 2015.

Based on the foregoing alone, the parties will not be able to conclude fact discovery by April 15, 2015, and some other subsequent dates. Therefore, the parties will confer in an attempt to agree and submit to the Court a new pretrial schedule for consideration and entry.

**Dated:** March 5, 2015

| **PLAINTIFFS** | **NORTHSHORE UNIVERSITY HEALTHSYSTEM** |
|---|---|
| By: /s/ Marvin A. Miller<br>Marvin A. Miller<br>Matthew E. Van Tine<br>Andrew Szot<br>MILLER LAW LLC<br>115 s. La Salle Street Suite 2910<br>Chicago, IL 60603<br>(312) 332-3400<br><br>*Counsel for Plaintiff Class* | By: /s/ David E. Dahlquist<br>David E. Dahlquist<br>Duane M. Kelley<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Tel: (312) 558-5600<br>Fax: (312) 558-5700<br>dkelley@winston.com<br>ddahlquist@winston.com<br><br>*Counsel for Defendant* |