UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re Evanston Northwestern Healthcare Corporation Antitrust Litigation ) ) ) ) ) ) This Document Relates To: ) ) ) All Actions. ) ) | Master File No. 07-CV-4446<br><br>Judge Chang |

### DEFENDANT NORTHSHORE UNIVERSITY HEALTHSYSTEM'S MOTION FOR SUMMARY JUDGMENT AND *DAUBERT* MOTIONS

Defendant NorthShore University HealthSystem ("NorthShore"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, respectfully moves this Court to enter an order of summary judgment for the reasons set forth in detail in NorthShore's accompanying memorandum of law and statement of undisputed facts. Per to this Court's instructions, NorthShore's *Daubert* motions pursuant to Federal Rule of Evidence 702 are contained within the same filing. In support of its motion for summary judgment, NorthShore states as follows:

1. Named plaintiff Painters Fund and all similarly situated class members who never directly paid NorthShore are indirect purchasers who must be dismissed for lack of antitrust standing.

2. All of Plaintiffs' claims require proof of a valid product and geographic market. But Plaintiffs' alleged "healthcare services" product market is not properly defined, as it includes both "inpatient" and "outpatient" services. It therefore fails as a matter of law, requiring dismissal.

3. Plaintiffs' alleged "triangle" market consisting solely of the three merging hospitals is not a relevant geographic market and fails as a matter of law, thereby requiring dismissal.

4. NorthShore is entitled to judgment as a matter of law for all damages Plaintiffs claim after the FTC's 2008 remedy because Plaintiffs waived any claim to those damages, failed to mitigate them, and are estopped from pursuing them.

Furthermore, as set forth in NorthShore's memorandum of law, the opinions of Plaintiffs' experts Dr. William Vogt and Dr. Russell Lamb should be excluded because they (1) are based on

unreliable methods and analyses; (2) rely on data based on a non-class member health insurer's plan; and (3) improperly rely on the testimony of an expert not involved in this case. NorthShore also seeks to exclude opinions of Plaintiffs' third expert, Dr. Patrick Romano, because his opinions are unreliable, as his flawed statistical analyses are incapable of discerning whether quality improved or deteriorated.

WHEREFORE, for these reasons and the reasons set forth in NorthShore's Memorandum of Law in Support, this Court should grant NorthShore's Motion for Summary Judgment and *Daubert* Motions, and order any other such relief that the Court deems just and proper.

NorthShore also respectfully requests that the Court set a date for oral argument on this motion.

Dated: May 10, 2017　　　　　　　　　　Respectfully submitted,

**WINSTON & STRAWN LLP**

By:　/s/ David E. Dahlquist
　　　Duane M. Kelley
　　　David E. Dahlquist
　　　Christopher B. Essig
　　　Michael S. Pullos
　　　Conor A. Reidy
　　　Laura B. Greenspan
　　　WINSTON & STRAWN LLP
　　　35 West Wacker Drive
　　　Chicago, IL  60601
　　　Tel: (312) 558-5600
　　　Fax: (312) 558-5700
　　　dkelley@winston.com
　　　ddahlquist@winston.com
　　　cessig@winston.com
　　　mpullos@winston.com
　　　creidy@winston.com
　　　lgreenspan@winston.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

    I, David E. Dahlquist, an attorney, hereby certify that I caused a copy of the foregoing document to be served by electronic means on all Electronic Filing Users of record, this 10th day of May 2017, and that all parties required to be served have been served.

                                      /s/ David E. Dahlquist