# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| IN RE: NORTHSHORE UNIVERSITY | ) | No. 07 C 4446 |
| HEALTHSYSTEM ANTITRUST LITIGATION | ) | Judge Edmond E. Chang |
| | ) | |

## PLAINTIFF CLASS' MOTION TO REQUEST THE COURT RULE ON THE PENDING MOTIONS AND SET A FINAL PRETRIAL ORDER AND TRIAL SCHEDULE

## INTRODUCTION

Fifteen years ago, the first plaintiff filed a complaint individually and on behalf of a Class, against Evanston Northwestern Healthcare Corporation ("ENH"), now known as NorthShore University HealthSystem ("NorthShore"), alleging that ENH's January 1, 2000 merger with Highland Park Hospital illegally monopolized the geographic market for hospital services and caused the plaintiff and the class to pay more for healthcare services than they would have in the absence of the Defendant's anticompetitive conduct. Plaintiffs' action came on the heels of an administrative proceeding in the Federal Trade Commission in which the Full Commission found that the Defendant substantially raised its prices post-merger, exercised increased market power to do so, and that the Defendant's actions were anticompetitive and illegal.

In 2017, after vigorously litigating this case for a decade, the parties briefed summary judgment, *Daubert*, and decertification motions. With the exception of limited briefing concerning the submission of supplemental authority that occurred in June 2020 and March 2021 and comprised of a total of nineteen pages, the three motions at issue have been fully briefed for almost three-and-a-half years and remain *sub judice*. Given that over two decades have elapsed since the consummation of the merger at issue, it is highly probable that many fact witnesses are no longer available to testify at trial. The danger of losing key witnesses, including expert witnesses, to

relocation, illness, and even death, only increases with time. Because counsel for the Plaintiff Class and the class representative must fairly and adequately represent the Class, the Plaintiff Class respectfully requests that the Court issue rulings on the pending motions—ECF Nos. 896, 898, and 911—and set a final pretrial order and trial schedule in the fourth quarter 2023. In support of its motion,[1] an overview of the salient events giving rise to the current procedural posture of the case follows.

## Timeline of Events Before the Honorable Joan Lefkow

- August 7, 2007 – Plaintiff Jeffrey Porter files a complaint individually and on behalf of a Class, for damages and injunctive relief under the federal antitrust laws against Defendant Evanston Northwestern Healthcare Corporation ("ENH"). *See In re NorthShore University HealthSystem Antitrust Litig.*, 1:07-cv-04446 (N.D. Ill.), attached hereto as "Exhibit A," at ECF 1.

- Over the next year, additional plaintiffs file cases which were consolidated with the original complaint.[2]

- May 29, 2008 – Judge Lefkow denied Defendant's motion to dismiss. *See* Exhibit A at ECF 77.

---

[1] Pursuant to the Court's requirement, the parties conferred regarding the Plaintiff Class' motion. While NorthShore does not oppose the Plaintiff Class' request that the court rule on the pending motions, NorthShore opposes a request to set a final pretrial order and trial schedule before the pending motions are ruled upon given that granting NorthShore's pending summary judgment motion would eliminate the need for trial.

[2] On December 18, 2007, Plaintiff Jeffrey Porter voluntarily dismissed his claims without prejudice. *See* ECF Nos. 29-30. On April 24, 2008, Plaintiffs Gerald and Noreen Lekas voluntarily dismissed their claims without prejudice. *See* ECF Nos. 60-63. On March 31, 2018, the Court determined that "the hospital-based outpatient services component of the class definition must be removed." *In re NorthShore University HealthSystem Antitrust Litig.*, No. 07-cv-4446, 2018 WL 2383098, at *5 (N.D. Ill. Mar. 31, 2018). As a consequence, individual Plaintiffs Amit Berkowitz, Steven Messner, and Harry Lahmeyer can no longer act as class representatives because they did not purchase inpatient services. *Id.*

- February 13, 2009 – Plaintiffs file their motion for class certification. *See* Exhibit A at ECF Nos. 240-242.

- March 30, 2010 - Judge Lefkow denies class certification. *See* Exhibit A at ECF 384. *See also In re Evanston Northwestern Healthcare Corp. Antitrust Litig.*, 268 F.R.D. 56 (N.D. Ill. 2010), *vacated sub nom. Messner v. NorthShore University HealthSystem*, 669 F.3d 802 (7th Cir. 2012).

- June 10, 2010 – The United States Court of Appeals for the Seventh Circuit grants Plaintiffs' petition for permission to appeal pursuant to Federal Rule of Civil Procedure 23(f). *See* Exhibit A at ECF 396.

- January 13, 2012 – The Seventh Circuit Court of Appeals vacates Judge Lefkow's order denying the Plaintiffs' motion for class certification and held: "The district court based its denial of class certification on two critical errors: (1) a misapplication of Rule 23(b)(3)'s predominance standard; and (2) an erroneous belief that Dranove's DID methodology would be valid only if NorthShore's contracts with insurers uniformly increased prices across all services." *Messner*, 669 F.3d at 822. The Seventh Circuit also rejected the Defendant's argument that "a number of class members could not have been harmed by its [NorthShore's] post-merger price increases" and found that "[i]n light of Dranove's analysis indicating that Blue Cross and its policyholders suffered losses of $110 million as a result of the merger…Blue Cross probably would be within its rights if it chose to rethink its position" to opt out of the class. *Id.* at 822, 824, Fn. 13.

## Timeline of Events after Reassignment to the Honorable Edmond Chang

- On January 7, 2011 – Pursuant to an Executive Committee Order entered on December 23, 2010, this case was selected for reassignment to this Court's calendar, effective on

Monday, January 10, 2011. *See* Exhibit A at ECF 439. At the time of reassignment to this Court, the parties had already engaged in extensive discovery, but a significant amount of discovery, including several depositions, remained to be conducted after the disposition of the appeal. The appeal superseded the latest discovery scheduling order. *See* Exhibit A at ECF 446.

- April 4, 2012 – Plaintiffs file motion for entry of order certifying class in accordance with the Seventh Circuit's Opinion. *See* Exhibit A at ECF 478.

- December 17, 2012 – The Court issues a minute order advising the parties that Plaintiffs' class certification motion and supplemental filings are under advisement and resets the December 18, 2012 status hearing until January 28, 2013. *See* Exhibit A at ECF 524.

- January 25, 2013 – The Court issues a minute order advising the parties that Plaintiffs' class certification motion and supplemental filings are under advisement and resets the January 28, 2013 status hearing until March 5, 2013. *See* Exhibit A at ECF 525.

- December 10, 2013 – The Court grants Plaintiffs' renewed motion for class certification. *See* Exhibit A at ECF 587 and *In re Evanston Northwestern Corp. Antitrust Litig.*, No. 07-cv-04446, 2013 WL 6490152 (N.D. Ill. Dec. 10, 2013).

- March 2, 2015 – NorthShore moves to compel arbitration against forty-three Managed Care Organizations (MCOs). *See* Exhibit A at ECF Nos. 641-648, 742.

- April 10, 2015 – Defendant files a motion for summary judgment by application of the statute of limitations. *See* Exhibit A at ECF 675-678.

- April 24, 2015 – Plaintiffs file an opposed motion for additional time and discovery to respond to Defendant's motion for summary judgment. *See* Exhibit A at ECF Nos. 680-682.

- May 28, 2015 – The Court grants Plaintiffs' motion to defer summary judgment briefing and to take discovery on the statute of limitations and denies Defendant's motion for summary judgment without prejudice. The court also permitted Northshore to update its motion "to address the Court's take on the substantive law—including *Berkey*—and refile after the close of fact discovery." *See* Exhibit A at ECF 708.

- July 16, 2015 – The Court extends the deadline for fact discovery from July 31, 2015 to November 30, 2015 for the limited purposes of MCO-related discovery and third-party discovery. *See* Exhibit A at ECF 747.

- September 4, 2015 – The Court grants Defendant's motion to compel arbitration as to ten entities and denies Defendant's motion as to thirty-three entities. *See* Exhibit A at ECF 742.

- October 15, 2015 – Defendant files a motion for reconsideration of the September 4, 2015 order denying, in part, Defendant's motion to compel arbitration. Specifically, Defendant's sought reconsideration of the Court's Order exempting from arbitration six MCOs which were acquired by MCOs that were compelled to arbitrate by the Court's earlier order. *See* Exhibit A at ECF No. 749-750.

- November 17, 2015 – The Court grants Defendant's motion for reconsideration as to six MCOs because "[r]ather than respond in substance to the reconsideration motion, each of the corporate entities targeted by the motion did not oppose the motion or took no position on it, as communicated through Class Counsel." *See* Exhibit A at ECF 754.

- December 11, 2015 – Defendant files its motion for leave to file motions to enforce arbitration clauses against the self-funded entities. *See* Exhibit A at ECF Nos. 762-766.

- January 6, 2016 – Defendant files its renewed motion for summary judgment by application of the statute of limitations. *See* Exhibit A at ECF Nos. 773-780.

- March 29, 2016 – The Court denies Defendant's motion for leave to file additional arbitration-compulsion motions holding that that Defendant "failed to establish diligence and good cause for modifying the scheduling order" in "this long-running antitrust case." *See* Exhibit A at ECF 812.

- September 9, 2016 – Defendant NorthShore's motion for summary judgment based on the statute of limitations is denied in large part and granted to the limited extent explained in the Opinion. *See* Exhibit A at ECF 842.

- May 10, 2017 – Defendant files a single motion for summary judgment and to exclude the Plaintiffs' three experts (ECF 898), a single memorandum in support of its motion for summary judgment and *Daubert* motion (ECF 899), and Defendant's statement of undisputed facts in support of its motion for summary judgment (ECF 900). On the same day, the Defendants also file a motion to decertify the Class (ECF 896).

- June 21, 2017 – Plaintiffs file a single motion for summary judgment and to exclude the opinions of Defendants' three experts (ECF 911), along with a combined memorandum of law in support of its motion for summary judgment and *Daubert* motions and response in opposition to Defendant's motion for summary judgment and *Daubert* motions. On the same day, Plaintiffs also file Plaintiffs' statement of material facts (ECF 913),[3] Plaintiffs' statement of additional facts (ECF 914), Plaintiffs' opposition to Defendant's corrected

---

[3] On June 29, 2017, Plaintiffs filed a corrected statement of material facts. *See* Exhibit A at ECF 929.

statement of undisputed material facts in support of its motion for summary judgment (ECF 909),[4] and Plaintiffs' opposition to decertify the class (ECF 917).

- August 1, 2017 – Cross motions for summary judgment, *Daubert* motions, and Defendant's motion to decertify are fully briefed.

- August 8, 2017 – The Court issues the following minute order: "The four briefs on the dispositive motions have been filed. The Court takes the motions under advisement, so the status hearing of August 9, 2017 is reset to December 7, 2017." *See* Exhibit A at ECF 975.

- December 6, 2017 - The Court orders the parties to file a joint "Response to Inquiry" with respect to the direct-purchaser issue as to the Plaintiff Painters Fund and the contract between Defendant and Blue Cross Blue Shield through which Painters Fund's covered participants received services. *See* Exhibit A at ECF 981.

- December 8, 2017 - Pursuant to the Court's December 6, 2017 Order (ECF 981), the parties file a 13-page joint response to the Court's inquiry concerning the Plaintiff Painters Fund. *See* Exhibit A at ECF 985.

- March 31, 2018 - The Court issues an Order addressing Defendant's "threshold argument" that "the class should be decertified because Plaintiffs have no evidence to support defining a market for hospital-based *outpatient* services and none of the Plaintiffs were direct purchasers of *inpatient* services from NorthShore." *In re NorthShore University HealthSystem*, 2018 WL 2383098, at *3. The court held that Plaintiffs were required to define a relevant market for outpatient services. As a consequence, the Court held that "the hospital-based outpatient services component of the class definition must be removed." *Id.*

---

[4] On June 29, 2017, Plaintiffs filed a corrected opposition to Defendant's corrected statement of undisputed material facts in support of its motion for summary judgment. *See* Exhibit A at ECF 931.

at *5. The Court further determined that because outpatient services were now excluded from the Class Definition, Plaintiffs were left without an adequate class representative because the individual plaintiffs did not purchase inpatient services. *Id.* at *5-8. Additionally, the Court further found that because the Painters Fund, a self-insured entity, did not have a contract with Blue Cross Blue Shield, Painters was an indirect, rather than a direct, purchaser. *Id.* The Court permitted Plaintiffs to locate another representative because "this problem should be surmountable by Plaintiffs' counsel" and "[t]he Court then will be in a position to issue a decision on the other pending motions (including NorthShore's argument that the predominance standard is no longer met)." *Id.* at *1. The Court further ordered the Plaintiffs to file a motion to substitute a class representative by May 7, 2018, and "[i]f the Court approves the proposed substitute, then the Court will be in a position to reinstate and to decide the remaining motions." *Id.* at *8.

- April 17, 2018 – Because of NorthShore's delay in responding to potential class representatives' requests for their medical and billing records, the Court extends the deadline for Plaintiffs to file a motion to substitute a class representative from May 7, 2018 to June 18, 2018. *See* Exhibit A at ECF Nos. 994 and 999.

- May 11, 2018 – Plaintiff Painters District Council No. 30 Health & Welfare Fund files a Motion to Reconsider the Court's Order of March 31, 2018. *See* Exhibit A at ECF 996.

- May 30, 2018 – During a status hearing regarding Plaintiffs' substitution motion, the Court indicates that the pending motions are "close to being ready to be issued." *See* Exhibit A at ECF 1117 at 7.

8

- June 18, 2018 – Plaintiff Class files a motion to add Melissa Diamond and David Freedman as named plaintiffs and class representatives, and to amend the Consolidated Class Action Complaint (ECF 224) by interlineation. *See* Exhibit A at ECF 1004.

- June 28, 2018 – The Court grants Plaintiffs' motion to add Melissa Diamond[5] and David Freedman as Plaintiffs and Class Representatives with the caveat that the defense may assert their inadequacy if appropriate. *See* Exhibit A at ECF 1008.

- October 2018 – The parties engage in briefing concerning Defendant's supplemental motions for summary judgment against David Freedman and to decertify.

- November 16, 2018 - The Court issues the following minute entry: "The motion for summary judgment and to decertify is now fully briefed, so the status hearing of November 19, 2018 is reset to February 13, 2019." *See* Exhibit A at ECF 1062.

- February 12, 2019 – The Court issues the following minute entry: "The motion for summary judgment and to decertify remain under advisement. Status hearing of February 13, 2019 is reset to April 4, 2019." *See* Exhibit A at ECF 1063.

- March 29, 2019 – The Court denies the Plaintiff Class' motion for reconsideration, and also denies Defendant's targeted motion for decertification and summary judgment against Plaintiff Freedman. The Court further holds that "[i]n a separate order under advisement, the Court will address the remaining issues in Northshore's renewed motion for decertification (ECF 896) and renewed motion for summary judgment and *Daubert* motions (ECF 898), as well as now-Freedman's cross-motion for summary judgment (ECF 911)." The Court also resets the status hearing until May 7, 2019. *See* Exhibit A at ECF 1064.

---

[5] On August 29, 2018, Plaintiffs voluntarily dismissed Melissa Diamond's claims without prejudice. ECF 1015.

9

- May 7, 2019 - April 3, 2020 – The Court sets and continues five status conferences. *See* Exhibit A at ECF Nos. 1073-1074, 1081-1082, and 1083.

- June 5, 2020 – The Defendant files a six-page motion to consider supplemental authority. *See* Exhibit A at ECF 1090.

- June 22, 2020 – The Plaintiff Class files a five-page response to Defendant's submission of supplemental authority. ECF 1094.

- July 10, 2020 - February 25, 2021 – The Court sets and continues four status conferences. *See* Exhibit A at ECF Nos. 1098-1100 and 1102.

- March 2, 2021 – The Plaintiff Class files a five-page motion for leave to consider supplemental authority. *See* Exhibit A at ECF 1103.

- March 9, 2021 – The Defendant files a three-page opposition to Plaintiffs' motion to consider supplemental authority. *See* Exhibit A at ECF 1105.

- April 22, 2021 – The Court issues the following minute order: "The pending motions and supplemental filings remain under advisement. The tracking status hearing of April 23, 2021 is reset to June 25, 2021 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called)." *See* Exhibit A at ECF 1106.

- June 24, 2021 – June 9, 2022 – The Court sets and continues nine status conferences. *See* Exhibit A at ECF Nos. 1109-1116, and 1119.

- August 8, 2022 – The cross motions for summary judgment and *Daubert*, and the motion to decertify, all of which were originally filed and briefed in 2017, remain pending.

## **ARGUMENT**

This case is fifteen years old. It concerns a merger consummated on January 1, 2000. Discovery is over, dispositive motions are fully briefed, and, after rulings on those motions, the case will be ready for preparation of the pretrial order and trial.

While it was vigorously litigated for eleven years, including a successful Seventh Circuit appeal, little has happened in the past few years as the parties have awaited rulings on dispositive motions. Except for two short submissions of single opinions as supplemental authority, the dispositive motions have been fully briefed since October 2018.

Because further delay will only continue to prejudice the Plaintiff Class, the Plaintiff Class respectfully requests that this Court rule on the dispositive motions and set a final pretrial order and trial schedule in the fourth quarter 2023.

Dated: August 8, 2022

Respectfully submitted,

By: /s/ Marvin A. Miller
Marvin A. Miller
Matthew E. Van Tine
Kathleen E. Boychuck
**MILLER LAW LLC**
145 S. Wells Street, 18th Floor
Chicago, IL 60606
Tel: (312) 332-3400
mmiller@millerlawllc.com
mvantine@millerlawllc.com
kboychuck@millerlawllc.com

*Plaintiff Class Counsel*

Joseph M. Burns
**JACOBS, BURNS, ORLOVE &
HERNANDEZ**
150 North Michigan Avenue
Suite 1000
Chicago, IL 60601

11

Tel: (312) 327-3431
Fax: (312) 580-7175

***Counsel for Plaintiff Class***