

March 25, 2024

Scott J. Fisher
Attorney at Law

Tel (312) 269-8035
Fax (312) 750-6520
sfisher@nge.com

**_By U.S. Mail, Postage Prepaid_**

Clerk, United States District Court
Northern District of Illinois
  Eastern Division
Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, Illinois  60604

Marvin A. Miller
Miller Law LLC
53 West Jackson Blvd.
Suite 1320
Chicago, Illinois  60604

Dan K. Webb
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois  60601

Re:  **_In re: NorthShore University HealthSystem Antitrust Litigation_**
  No. 1:07-cv-04446 – Objection to Settlement

To the Clerk of the Court and Counsel:

We represent United HealthCare Services, Inc. and its affiliates. We are writing to object to the settlement because the notice program, the preliminary approval order, and the settlement agreement are incongruous and create ambiguity about the membership of the class and the preclusive effect of any order approving the settlement.

*Background*

After learning of the notice of class action settlement, United contacted class counsel by telephone on March 4, 2024. Class counsel suggested that United was not a member of the class because United was subject to an arbitration provision.

On March 18, 2024, we sent a letter to counsel for NorthShore and counsel for the class identifying concerns about inconsistencies in the settlement documents and notice, as well as the confusion arising from those inconsistencies. (A copy of the March 18 letter is attached as Exhibit 1.) Class counsel responded on March 19, 2024. (A copy of the March 19 email response is attached as Exhibit 2.) Class counsel did not otherwise assist United in understanding the Settlement Agreement or the notice program.



Two North LaSalle Street | Chicago, Illinois 60602-3801 | 312.269.8000 | nge.com



Clerk, United States District Court
Marvin A. Miller
Dan K. Webb
March 25, 2024
Page 2

*Objections*

1. **The definition in the Settlement Agreement of the Settlement Class does not allow a reasonable person to determine whether United is a member of the class.** The Settlement Agreement defines the class as "[a]ll persons or entities in the United States of America and Puerto Rico . . . who purchased or paid for inpatient hospital services directly from NorthShore University HealthSystem (formerly known as Evanston Northwestern Healthcare), its wholly-owned hospitals, predecessors, subsidiaries, or affiliates . . . from February 10, 2000 to December 31, 2015." (Settlement Agmt. at 2-3.) United, in fact, "paid for inpatient hospital services directly from NorthShore University HealthSystem (formerly known as Evanston Northwestern Healthcare), its wholly-owned hospitals, predecessors, subsidiaries, or affiliates . . . from February 10, 2000 to December 31, 2015." Nothing in the Settlement Agreement makes mention of excluding class members based on any arbitration provision. Class counsel suggests that the long-form notice, which was available only on the settlement website, explains that "the settlement in this case is [sic] excludes arbitration entities and self-insured entities which paid NorthShore through another entity such as a third-party administrator." (Email from Class Counsel, Exhibit 2.) The Settlement Agreement, as well as the Court's Orders, should control over the long-form notice, and nothing in the Settlement Agreement aligns with the language in the long-form notice on which class counsel relies. This confusion should have been avoided through a clearer class definition, in plain English, which would allow a reasonable person to ascertain their inclusion, or exclusion, from the Settlement Class through the definition of the Settlement Class in the Settlement Agreement. Of course, any approval of the Settlement Agreement in its current form raises serious issues about, for example, the preclusive effect of any release and covenants not to sue. A clearer explication of the settlement was required.

2. **The definition in the Court's Preliminary Approval Order of the Settlement Class does not allow a reasonable person to determine whether United is a member of the class.** The Court's Preliminary Approval Order follows the Settlement Agreement and defines the class as "[a]ll persons or entities in the United States of America and Puerto Rico . . . who purchased or paid for inpatient hospital services directly from NorthShore University HealthSystem (formerly known as Evanston Northwestern Healthcare), its wholly-owned hospitals, predecessors, subsidiaries, or affiliates . . . from February 10, 2000 to December 31, 2015." (Settlement Agmt. at 2-3.) As noted, United "paid for inpatient hospital services directly from NorthShore University HealthSystem (formerly known as Evanston Northwestern Healthcare), its wholly-owned hospitals, predecessors, subsidiaries, or affiliates . . . from February 10, 2000 to December 31, 2015." Nothing in the Court's Preliminary Approval Order excludes class members based on any arbitration provision. As noted, class counsel suggests that the long-form notice explains that "the settlement in this case is [*sic*] excludes arbitration entities and self-insured entities which paid NorthShore through another entity such as a third-party administrator." (Email from Class Counsel, Exhibit 2) The Court's Preliminary Approval Order should control over the long-form notice, and nothing in in the Preliminary Approval Order aligns with the language in the long-form notice on which class counsel relies. This confusion should have been avoided through a clear class definition, in plain English, which would allow a



Clerk, United States District Court
Marvin A. Miller
Dan K. Webb
March 25, 2024
Page 3

reasonable person to ascertain their inclusion, or exclusion, from the Settlement Class through (a) the definition of the Settlement Class in the Preliminary Approval Order, or (b) elsewhere in the Preliminary Approval Order. Of course, any final approval of the Settlement in its current form implicates serious issues about, for example, the preclusive effect of any release and covenants not to sue. A clearer explication of the settlement was required.

3. **The definition in the Settlement Agreement of the Settlement Class does not allow a reasonable person to determine whether the self-funded customers of United are members of the class.** Class counsel asserts that self-funded customers of United (and otherwise) are excluded from the Settlement Class. The assertion seems to be based on the notion that, under *Illinois Brick* and its progeny, self-funded customers are not direct purchasers. Other than the adverb "directly" modifying "purchased or paid" in the class definition, the definition of the Settlement Class is insufficiently precise – without more – to clarify the parties' intent, or the Court's conclusion, to exclude self-funded plans. Whether a self-funded plan pays "directly" for healthcare services may not be readily ascertainable and may vary from plan to plan. *E.g.*, https://www.healthcare.gov/glossary/self-insured-plan/ (a self-funded plan is "usually present in larger companies where the employer itself collects premiums from enrollees and takes on the responsibility of paying employees' and dependents' medical claims. These employers can contract for insurance services such as enrollment, claims processing, and provider networks with a third party administrator, or they can be self-administered") (last visited March 23, 2024). A court deeming a self-funded plan a direct purchaser of healthcare services is not unprecedented. *E.g.*, *United States v. Anthem, Inc.*, 236 F. Supp. 3d 171, 188 (D.D.C. 2017) ("In self-insured plans, the employer takes on the risk of the medical costs itself. It pays the insurer an ASO fee in return for both the access to the provider network and claims administration and adjudication services. But the employer pays the healthcare costs directly, usually by funding a bank account from which the insurer pays the claims as they are submitted by the providers."), *aff'd*, 855 F.3d 345 (D.C. Cir. 2017). A clearer explication of the settlement was required.

4. **The definition in the Court's Preliminary Approval Order of the Settlement Class does not allow a reasonable person to determine whether the self-funded customers of United are members of the class.** Class counsel asserts that self-funded customers of United (and otherwise) are excluded from the Settlement Class. For the reasons noted above, other than the adverb "directly" modifying "purchased or paid" in the class definition, the description of the Settlement Class in the Preliminary Approval Order is insufficiently precise to clarify the parties' intent, or the Court's determination, to exclude self-funded plans. A clearer explication of the settlement was required.

5. **The definition in the parties' proposed final order of the Settlement Class adds further confusion and is inconsistent with the definitions of the Settlement Class in both the Preliminary Approval Order and the notice disseminated to the class.** In contrast to the Settlement Agreement and the Preliminary Approval Order, the parties' proposed final order, which was attached as Exhibit C to the Settlement Agreement, defines the Settlement Class differently than



Clerk, United States District Court
Marvin A. Miller
Dan K. Webb
March 25, 2024
Page 4

the Settlement Agreement, the notice, and the Preliminary Approval Order. Specifically, the parties' proposed final order includes a specific reference to excluding self-insured plans:

> The following Class has been certified under Fed. R. Civ. P. 23(b)(3): All persons or entities in the United States of America and Puerto Rico, except those who solely paid fixed amount co-pays, uninsureds who did not pay their bill, **self-insured entities**, Medicaid and Traditional Medicare patients, governmental entities, defendant, other providers of healthcare services, and the present and former parents, predecessors, subsidiaries and affiliates of defendant and other providers of healthcare services who purchased or paid for inpatient hospital services directly from NorthShore University HealthSystem (formerly known as Evanston Northwestern Healthcare), its wholly-owned hospitals, predecessors, subsidiaries, or affiliates other than those acquired as a result of the merger with Rush North Shore Medical Center from February 10, 2000 through December 31, 2015.

(Settlement Agmt., Ex. C, ¶C (emphasis added).) Whatever the parties' intent, these conflicting class definitions cause confusion and prevent a reasonable person from understanding who is included in this Settlement Class and who is bound by the terms of the Settlement. Notably, unlike the proposed final approval order, the Plan of Allocation does not define the class to exclude specifically "self-insured entities." (Plan of Allocation § II.4.) A clearer explication of the settlement was required.

6. **The vagaries of the scope of the Settlement Class caused confusion, which was magnified by the claim form and the notice program.** Based on inquiries from self-funded customers, the notice program created significant confusion for what appears to be several reasons. First, United understands that Class Counsel issued notice of the Class Settlement to the same individuals and entities as the notice of the litigation class. In doing so, the notice of the settlement was overinclusive and inconsistent with Class Counsel's interpretation of the Settlement Class. In fact, the notice plan called for the dissemination of, and the class did disseminate, the notice to individuals and entities, like self-insured plans, that Class Counsel maintains are not part of the Settlement Class. Having not issued notice that the litigation class was refined, or that the litigation class and the Settlement Class are different, there was a special responsibility to ensure that Class Counsel protected the rights of the actual or putative class members. Those differences *could* have significant impact on the rights of purchasers of healthcare services from NorthShore under, for example, *American Pipe* and its progeny. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

Second, the summary notice itself did not provide adequate notice – the summary notice did not provide any notice – that self-funded entities were purportedly excluded from the class.



NEAL GERBER EISENBERG

Clerk, United States District Court
Marvin A. Miller
Dan K. Webb
March 25, 2024
Page 5

Third, the proof of claim form seems to contradict Class Counsel's interpretation of the Settlement Class and the other pleadings. For example, one proof of claim form purports to inform consumers of those excluded from the Settlement Class, but it does not say anything about self-funded plans:

> **Section B: Should I File a Claim Form?**
>
> You may qualify to file a Claim Form and get a payment from the proposed Settlement, if you meet the criteria below:
>
> > All persons or entities in the United States of America and Puerto Rico, except those who solely paid fixed amount co-pays, uninsureds who did not pay their bill, Medicaid and Traditional Medicare patients, governmental entities, defendant, other providers of healthcare services, and the present and former parents, predecessors, subsidiaries, and affiliates of defendant and other providers of healthcare services, who purchased or paid for inpatient hospital services directly from NorthShore University HealthSystem (formerly known as Evanston Northwestern Healthcare), its wholly-owned hospitals, predecessors, subsidiaries, or affiliates other than those acquired as a result of the merger with Rush North Shore Medical Center from February 10, 2000, through December 31, 2015.
>
> You should not file a claim if you are among the following:
> - Persons or entities who only paid for outpatient services;
> - Persons who paid only a fixed amount to NorthShore through co-pays;
> - Persons without insurance who did not pay their bill;
> - Medicaid and Traditional Medicare patients;
> - Persons who only received services at Skokie Hospital (formerly known as Rush North Shore Medical Center); and
> - Anyone that previously excluded themselves from the Class.
>
> QUESTIONS? CALL 1-800-952-3716 OR VISIT WWW.NORTHSHOREANTITRUSTLITIGATION.COM.   PAGE 2 OF 4

The "third-party payor" claim form also is internally inconsistent. For example, Class Counsel contends that self-funded entities are not part of the class, but the claim form suggests that a claim form could be submitted by a self-funded entity:



NEAL GERBER EISENBERG

Clerk, United States District Court
Marvin A. Miller
Dan K. Webb
March 25, 2024
Page 6

**THIRD-PARTY PAYOR CLAIM FORM**

Use Blue or Black Ink Only

**Attention: This form should only be filled out on behalf of a <u>Third-Party Payor</u> (or an <u>authorized agent</u>). If you are a Consumer, please fill out the Consumer Claim Form, available at www.NorthShoreAntitrustLitigation.com.**

- Complete Section A only if you are filing as an individual TPP member of the Class.
- Complete Section B only if you are an authorized agent filing on behalf of one or more TPP Class Members.

**Section A: Company or Health Plan Member of the Class Only**

Company or Health Plan Name

Contact Name

Address 1

Address 2                                           Floor/Suite

City                        State                   Zip Code

Area Code - Telephone Number        Tax Identification Number

Email Address

List other names by which your company or health plan has been known or other Federal Employer Identification Numbers ("FEINs") it has used since February 10, 2000.

☐ Health Insurance Company/HMO          ☐ Self-Insured Employee Health or Pharmacy Benefit Plan
☐ Self-Insured Health & Welfare Fund
☐ Other (Explain):

QUESTIONS? CALL 1-800-952-3716 OR VISIT WWW.NORTHSHOREANTITRUSTLITIGATION.COM.        PAGE 3 OF 7

Despite the foregoing, the third-party payor claim form later requires the party submitting the claim to "certify" that it "did not submit a claim for . . . Self-insured entities and businesses which paid NorthShore through third-party claims administrators acting on their behalf." Reconciling these conflicts was incumbent on Class Counsel before issuing notice and requesting deadlines for



Clerk, United States District Court
Marvin A. Miller
Dan K. Webb
March 25, 2024
Page 7

submission of claim forms, and it is not reasonable to expect class members to wade through these conflicts to attempt to harmonize them. A clearer explication of the settlement was required.

### *Extension of Time to Submit a Claim*

Considering the confusion and ambiguities articulated in this objection, the settlement process does not allow adequate time to submit a claim to participate in the settlement. The limited time for the claim submission process is also unreasonable considering that any claim form must include information for claims with dates of service more than twenty years ago. Accordingly, United respectfully requests that the Court at least extend the date for the claims submission process by forty-five days following the resolution of the other issues raised in this objection.

### *Intention To Appear and Speak at Fairness Hearing*

United, through its counsel, intends to appear and speak at the Fairness Hearing.

\*\*\*

Respectfully submitted,

Scott J. Fisher

SJF:lg

36280961.2

# EXHIBIT 1



NEAL GERBER EISENBERG

March 18, 2024

Scott J. Fisher
Attorney at Law

Tel (312) 269-8035
Fax (312) 750-6520
sfisher@nge.com

**By Electronic Mail**

Dan K. Webb
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
dwebb@winston.com

Marvin A. Miller
miller@millerlawllc.com
Matthew E. Van Tine
mvantine@millerlawllc.com
Miller Law LLC
53 West Jackson Blvd., Suite 1320
Chicago, Illinois 60604

Re: *In re Evanston Northwestern Healthcare Corporation Antitrust Litigation*, Master File No. 07-cv-4446

Dear Counsel:

We are counsel to UnitedHealthcare and its affiliates in this matter. United received a copy of the notice of class action settlement, and we are writing to raise two primary concerns we have with the notice program and the settlement itself. Of course, our hope is to resolve these concerns in advance of the final approval hearing.

First, we would like to better understand class counsel's apparent position that United is not a class member because, so the argument goes, United is subject to an arbitration provision in its participation agreements with NorthShore. As a threshold matter, United is, on the face of the settlement documents and the Court's Preliminary Approval Order, a member of the certified class. For example, Paragraph 2 of the Court's Preliminary Approval Order defines the certified class to include "[a]ll persons or entities in the United States of America and Puerto Rico . . . who purchased or paid for inpatient hospital services directly from NorthShore University HealthSystem (formerly known as Evanston Northwestern Healthcare), its wholly-owned hospitals, predecessors, subsidiaries, or affiliates . . . from February 10, 2000 to December 31, 2015." The settlement agreement and related pleadings, including the notice itself, are in accord. As you know, United, in fact, "paid for inpatient hospital services directly from NorthShore University HealthSystem (formerly known as Evanston Northwestern Healthcare), its wholly-owned hospitals, predecessors, subsidiaries, or affiliates . . . from February 10, 2000 to December 31, 2015." Moreover, neither the settlement agreement nor the Court's Preliminary Approval Order makes any mention of excluding class members based on any arbitration provision. Accordingly, we cannot harmonize our client's understanding of class counsel's position with the Court's Order or the other settlement documents. Considering the scope of the release and the covenants not to sue, as examples, we are concerned that these vagaries render final approval problematic. If our understanding of the parties' positions or the Court's Order is erroneous, we would appreciate hearing from you.

Second, we understand that the parties take the position that self-funded plans, including customers of United, are not members of the certified class on the theory that self-insured plans are



March 18, 2024
Page 2

indirect purchasers. On this point, we believe that the pleadings are ambiguous, at best, given that (a) the class defined in the Preliminary Approval Order does not expressly exclude self-insured customers of United or any other "managed care organizations," and (b) the notice plan called for the dissemination of, and the class did disseminate, the notice to self-insured plans. Moreover, the parties' proposed final order and judgment seems to include a class definition that differs on this point from the class definition in the Preliminary Approval Order  This has caused significant confusion and seems not to be based on any finding of fact, except perhaps the Court's determination of the adequacy of one putative class representative *after* the Court certified a litigation class. Therefore, we would appreciate your confirmation or correction of our understanding that the parties take the position that self-funded plans are not members of the certified class. If our understanding is correct, we would further appreciate an explanation (a) why the notice plan included providing notice to self-insured plans, (b) whether any notice was issued that alerted self-funded plans that they were not class members, and (c) what the parties intend where the notice states that the certified class excludes self-funded plans that "paid NorthShore through third-party claims administrators."

We feel compelled to add that the foregoing is not, and is not intended to be, a full explication of United's concerns or potential objections to the settlement, and United reserves all rights, remedies, and objections. We look forward to your prompt response in light of the upcoming deadlines.

Sincerely,

Scott J. Fisher

SJF:lg

36255926.1

# EXHIBIT 2

| | |
|---|---|
| **From:** | Matthew Van Tine <MVantine@millerlawllc.com> |
| **Sent:** | Tuesday, March 19, 2024 7:04 PM |
| **To:** | Fisher, Scott J.; dwebb@winston.com; Marvin A. Miller; Herbison, James |
| **Subject:** | Re: In re Evanston Northwestern Healthcare Corporation Antitrust Litigation |

CAUTION EXTERNAL EMAIL

Dear Scott--

Thank you for your letter of March 18, 2024, to which I am responding.

As indicated in the Court-approved long-form class notice posted on the settlement website, northshoreantitrustlitigation.com, the settlement in this case is excludes arbitration entities and self-insured entities which paid NorthShore through another entity such as a third-party administrator. Those entities were previously excluded from the case by Court order.

The Court excluded United Healthcare from the Class by reason of United Healthcare's arbitration clause in its contract with NorthShore, as explained in the arbitration decision dated September 4, 2015, a copy of which is on settlement website. A subsequent order on arbitration entities dated November 17, 2015, is also on the settlement website.

The Class definition always contained a limitation to direct purchasers. The Court held that self-insured entities using third-party administrators to pay NorthShore were not direct purchasers in its decision dated March 31, 2018, which is also on the settlement website.

The Court also ordered that notice of the settlement be broadly disseminated. None of the forms of notice indicated that any particular entity receiving notice had already been determined to be a class member.

Regards,
Matt Van Tine


Matthew E. Van Tine, Esq.
Miller Law LLC
53 W. Jackson Blvd., Suite 1320
Chicago, IL 60604
(312) 676-2668 - direct
mvantine@millerlawllc.com

Secure Hightail Uplink page for sending me large files: https://www.hightail.com/u/MattVanTine

PRIVILEGE AND CONFIDENTIALITY NOTICE

This electronic mail and the information contained herein are intended for the named recipient only. It may contain confidential and/or attorney privileged matter. If you have received this electronic mail in error, please do not read any text other than the text of this Notice and do not open any attachments. Also, please immediately notify the sender by replying to this electronic mail or by collect call to (312) 332-3400. After notifying the sender as described above, please delete this electronic mail message immediately and purge the item from the deleted items folder (or the equivalent) of your electronic mail system. Thank you.

**From:** "Fisher, Scott J." <SFisher@nge.com>
**Date:** Monday, March 18, 2024 at 12:42 PM
**To:** "dwebb@winston.com" <dwebb@winston.com>, Matthew Van Tine <MVantine@millerlawllc.com>, Marvin Miller <mmiller@millerlawllc.com>
**Subject:** In re Evanston Northwestern Healthcare Corporation Antitrust Litigation

Counsel – We've attached to this email a PDF image of a letter to you. Please let us know if you have any issue opening the attachment.


**Scott J. Fisher**
Partner
Neal, Gerber & Eisenberg LLP

 

**p:** 312.269.8035 | **f:** 312.750.6520 | **e:** SFisher@nge.com
*Pronouns: he/him/his*
Two North LaSalle Street, Suite 1700, Chicago, IL 60602
www.nge.com



Confidentiality Notice: This communication is confidential and may contain privileged information. If you have received it in error, please notify the sender by reply e-mail and immediately delete it and any attachments without copying or further transmitting the same.

2

US POSTAGE ᴾᴮ PITNEY BOWES
ZIP 60602 $ 002.11⁰
02 4W
0000384775 MAR 25 2024

RECEIVED 2024 MAR 29 AM 9: 35



NEAL GERBER EISENBERG

Two North LaSalle Street | Chicago, Illinois 60602-3801

Clerk, United States District Court
Northern District of Illinois
 Eastern Division
Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, Illinois  60604